UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03522-JLS-DMK                          Date: June 23, 2026
Title:  Randy Flores v. Ford Motor Company et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    Kelly Davis                               N/A
    Deputy Clerk                             Court Reporter

Attorneys Present for Plaintiffs:         Attorneys Present for Defendant:

Not Present                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 19)**

Before the Court is a Motion to Remand filed by Plaintiff Randy Flores.  (Mot., Doc. 19; Mem., Doc. 19-1.)  Defendant Ford Motor Company opposed, and Plaintiff responded.  (Opp., Doc. 24; Reply, Doc. 25.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for June 26, 2026, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  For the following reasons, the Court DENIES Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff sued Defendants Ford and AutoNation Ford Valencia ("AutoNation") in Los Angeles County Superior Court, stemming from his purchase of a 2023 Ford F-150.  (Not. of Removal at 2, Doc. 1.)  Plaintiff alleged four claims against Ford for violation of various provisions of the Song-Beverly Act, as well as a fifth claim for fraudulent inducement.  (*Id.*; *see also* Ex. 1 to Not. of Removal ("Compl."), Doc. 1-2.)  Plaintiff also brought a claim against AutoNation for negligent repair.  (Not. of Removal at 2; Compl. at 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03522-JLS-DMK                          Date: June 23, 2026
Title:  Randy Flores v. Ford Motor Company et al

As is relevant to this motion, on October 9, 2025, AutoNation filed a demurrer challenging Plaintiff's claim for negligent repair.  (Not. of Removal at 3; *see also* Ex. 1 to Second Moawad Decl., Doc. 24-2.)  The superior court issued a tentative order sustaining the demurrer prior to the November 12, 2025 hearing, where Plaintiff's counsel submitted on the tentative without argument.  (Second Moawad Decl. ¶ 4, Doc. 24-1.)  On November 12, 2025, the superior court denied leave to amend the negligent repair claim because Plaintiff did not oppose the demurrer of that claim, and therefore "concede[d] it [was] incapable of amendment."  (*Id.* at 4.)  On March 4, 2026, the state court dismissed AutoNation from the action with prejudice.  (Ex. 4 to First Moawad Decl., Doc. 1-5.)

On April 2, 2026, Ford removed the case, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Not. of Removal at 4.)  The Notice of Removal avers that Plaintiff is a citizen of California, and Ford is a citizen of Delaware and Michigan.  (*Id.*)  The Notice of Removal estimates the potential amount in controversy as $252,689.74, including $74,229.91 in economic damages, civil penalties, and attorneys' fees. (Not. of Removal at 5–6.)  Ford represents that the action was not removable until the state court dismissed AutoNation from the action.  (*Id.* at 3.)  On May 19, 2026, Plaintiff filed the present Motion to Remand, arguing that the original presence of AutoNation, a non-diverse defendant, destroys diversity.  (Mot.)

## II.   <u>LEGAL STANDARD</u>

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03522-JLS-DMK                     Date: June 23, 2026
Title:  Randy Flores v. Ford Motor Company et al

A removing defendant's Notice of Removal must include "plausible allegations of the jurisdictional elements." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021). "[T]he amount in controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also id.* (applying *Dart Cherokee* outside the CAFA context). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up, internal quotation marks omitted). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Generally, a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading. 28 U.S.C. § 1446(b)(1). But "[i]f the case stated by the initial pleading is not removable," then a notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). However, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" and does so "within one year of the commencement of the action." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013); *see also* 28 U.S.C. § 1446(c)(1).

III.    <u>ANALYSIS</u>

Plaintiff argues that AutoNation was dismissed from the case involuntarily, and therefore removability is determined by the original complaint. (Mem. at 7.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03522-JLS-DMK                                  Date: June 23, 2026
Title:  Randy Flores v. Ford Motor Company et al

"voluntary-involuntary" rule "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978).  Absent "a fraudulent purpose to defeat removal," removability turns "solely upon the form which the plaintiff by his voluntary action shall give the pleadings in the case as it progresses towards a conclusion." *Id.* at 659.  Thus, there is an exception to the voluntary-involuntary rule when a defendant was fraudulently joined.  *See Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119–20 (N.D. Cal. 2011).

Defendant first responds that Plaintiff's motion is time-barred, because defects in removal procedure must be filed within thirty days of removal.  (Opp. at 4.)  Plaintiff responds that the time bars do not apply, because the voluntary-involuntary rule goes to the Court's subject-matter jurisdiction, which may be raised at any point.  (Reply at 2–3.)  The Court need not decide whether challenges based on the voluntary-involuntary rule are jurisdictional, however, because it finds that AutoNation was fraudulently joined, meaning that the voluntary-involuntary rule does not apply.[1]

Actual fraud is not required to establish fraudulent joinder; rather, a removing defendant can demonstrate fraudulent joinder "by showing that the plaintiff cannot 'establish a cause of action against the non-diverse party in state court.'"  *Robey v. FCA US LLC*, 2020 WL 2488575, at *2 (C.D. Cal. May 14, 2020) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).  "There is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one."  *Dejillo v. Wells Fargo Bank, N.A.*, No. 5:15-CV-03080-RMW, 2015 WL 5187344, at *2 (N.D. Cal. Sept. 4, 2015) (quoting *Hunter*, 582 F.3d at 1046).  Indeed, "[j]oinder is fraudulent only when it is 'obvious according to the settled rules of the state that [a plaintiff] has failed to state a claim against [a joined

---

[1] The Court does not address whether removal based on fraudulent joinder is timely.  The 30-day time limit to remove an action under 28 U.S.C. § 1446 can be waived, and Plaintiff did not raise the issue here.  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 n.4 (7th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03522-JLS-DMK                          Date: June 23, 2026
Title:  Randy Flores v. Ford Motor Company et al

defendant].'"  *Salgado-Lopez v. Ford Motor Co.*, 2020 WL 564248, at *3 (N.D. Cal. Feb. 5, 2020) (second and third alterations in original) (quoting *Hunter*, 582 F.3d at 1046). "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).

In *Cristerna v. FedEx Corp.*, 2023 WL 6283310, at *3 (C.D. Cal. Sept. 25, 2023), this Court held that a non-diverse defendant was fraudulently joined because the plaintiff was on notice that all her claims against that defendant were insufficiently pleaded, but did not amend her complaint, resulting in a dismissal with prejudice of those claims. Plaintiff attempts to distinguish *Cristerna* from this situation because there a dismissal "conclusively foreclosed recovery" and a court order had placed the plaintiff "on notice that her claims were deficient" but she declined to cure them.  (Reply at 8.)  However, the relevant facts here are the same:  the state court determined that Plaintiff could not plead his claim against AutoNation even with amendment, and therefore dismissed with prejudice.  Thus, Plaintiff "cannot possibly establish a cause of action" against AutoNation, and AutoNation was fraudulently joined.  *Id.*

Plaintiff further responds that the state court did not reach the merits of his negligent repair claim, and instead sustained the demurrer based on lack of prosecution. (Reply at 7–8.)  But the state court wrote that the claim was "devoid of factual detail clarifying how AutoNation acted negligently," and that by not opposing the demurrer, Plaintiff "concede[d] it was incapable of amendment."  (Ex. 3 to Second Moawad Decl. at 4.)  That is not a determination based on lack of prosecution.  Rather, it is a substantive determination that Plaintiff had no facts to support an opposition to the demurrer. And "a state court's decision to sustain a demurrer without leave to amend can foreclose a plaintiff's opportunity to demonstrate a possibility of liability against the non-diverse defendant."  *Cristerna*, 2023 WL 6283310, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-03522-JLS-DMK                          Date: June 23, 2026
Title:  Randy Flores v. Ford Motor Company et al

Plaintiff additionally argues that his failure to oppose the demurrer does not convert the granting of the demurrer into a voluntary act.  (*See* Reply at 9.)  This argument misapprehends the inquiry, which centers on the *exception* to the voluntary-involuntary rule for fraudulent joinder.  Fraudulent joinder therefore renders the rule inapplicable.  *See Self,* 588 F.2d at 659; *Graybill-Bundgard*, 793 F. Supp. 2d at 1119.  Thus, the issue is not whether Plaintiff's non-opposition to the demurrer is a voluntary act, but whether the non-opposition indicates that Plaintiff has no claim against AutoNation.  The state court has already held as much, and this Court agrees.

**IV.    CONCLUSION**

For the above reasons, Plaintiff's Motion is DENIED.

Initials of Deputy Clerk: kd